| | | |
|---|---|---|
| JS - 6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

CASE NO.: CV 12-01720 SJO (JCx)         DATE: March 13, 2012

TITLE:   **Jaime Aguirre v. Tribune Company, Inc., et al.**

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO STATE COURT**

This matter is before the Court on Defendant Tribune Company, Inc.'s ("Defendant") Notice of Removal ("Notice"), filed February 29, 2012. Plaintiff Jaime Aguirre ("Plaintiff") filed his Complaint in Los Angeles Superior Court on August 24, 2011. Defendant removed this matter from Los Angeles Superior Court on February 29, 2012, citing diversity jurisdiction. (Notice ¶ 1.)

This is not the first time that this case has been before this Court. On November 7, 2011, Defendant removed this action to federal court on grounds of diversity jurisdiction. (Notice ¶ 7.) On February 10, 2012, this Court, on its own motion, remanded the case to state court for lack of subject matter jurisdiction, finding that Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeded $75,000. (Notice ¶ 9.) On February 9, 2012, Defendant received Plaintiff's initial discovery disclosures, which included a statement of damages verifying that the amount in controversy was over $75,000. (Notice ¶ 13.) On that basis, Defendant filed the instant Notice of Removal. (Notice ¶ 14-16.)

Having been informed that this case was twice removed from state court, the Court must remand. A remand order based on lack of subject matter jurisdiction, such as this Court's February 10 Order, is final. 28 U.S.C. § 1447(d); *Seedman v. U.S. Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1988). The February 10 Order is incapable of being reconsidered, either by this Court or through appellate review. *Seedman*, 837 F.2d at 414. "[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. A remand order returns the case to the state courts and the federal court has no power to retrieve it." *Id.* (internal citation omitted). Because this case was removed and remanded once before, the Court lacks jurisdiction.

Defendant was unable to prove by a preponderance of the evidence that the amount of controversy was greater than $75,000 when it first removed the case. It cannot have two bites at the apple. Defendant cites several cases from the Central District of California and circuits other than the Ninth Circuit for the proposition that a defendant may file a successive notice of removal upon discovery of new facts supporting the amount in controversy. (*See* Notice ¶¶ 11-12.)

JS - 6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-01720 SJO (JCx)</u>     DATE: <u>March 13, 2012</u>

Defendant cites no binding authority, and in light of the Ninth Circuit's holding in *Seedman*, this Court finds Defendant's cited cases unpersuasive. Under *Seedman*, the Court lacks jurisdiction to reconsider the issue of whether the amount in controversy in this case is greater than $75,000. This case must be remanded.

For the foregoing reasons, the Court **REMANDS** the instant action to the Superior Court of the State of California, County of Los Angeles. This action shall close.

IT IS SO ORDERED.